### PIERINI v. ULLMAN et al.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

PLEADING (§ 317*)—PETITION—BILL OF PARTICULARS.

In an action for injury to a pedestrian who fell into an excavation constructed by defendant contractors in front of two lots owned by co-defendants, one of the defendant owners is entitled to a bill of particulars showing whether plaintiff fell in front of one lot or the other, but not to a showing as to the person with whom the excavation contract was made.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from City Court of New York, Special Term.

Action by Cagliano Pierini, by guardian ad litem, against Nathan Ullman and others. From an order denying his motion for bill of particulars, the defendant named appeals. Modified and affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

James J. Mahoney, of New York City, for appellant.
Deutsch & Peyser, of New York City (David D. Deutsch, of New York City, of counsel), for respondent.

BIJUR, J. The action is brought for personal injuries alleged to have been incurred through plaintiff's falling into an excavation in front of Nos. 164 and 166 Elizabeth street. Defendant is alleged to be, and admits that he is, the owner of No. 166. The complaint also avers that defendants Galligan & Co. had contracted to construct the foundation of the house No. 164, and to do certain work of shoring and underpinning at No. 166.

Apparently plaintiff seeks to hold the contractors as the persons who made the excavation, and there is no significance in ascertaining the person with whom they made the contract for the excavation, and to that extent defendant's demand for a bill of particulars was properly refused. On the other hand, it is evident that the moving defendant is sought to be held as the owner of the premises in front of which the injuries were sustained, and to that end he is entitled to know whether plaintiff claims to have been precipitated into the excavation in front of No. 164 or of No. 166, and the request for particulars in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that respect contained in items three and four (although inartificially worded) is proper.

The order should be modified to the extent of granting the request for particulars contained in items 3 and 4, and, as so modified, affirmed, without costs of this appeal to either party. All concur.